## THE ILLINOIS CENTRAL RAILROAD COMPANY

### *v.*

## MALISSA J. HOPKINS.

*Opinion filed December 16, 1902.*

RAILROADS—*when party going upon depot platform is not mere licensee.*
One going to a railroad depot to deliver meals to mail clerks upon
a train, in accordance with an agreement between them which had
been carried out for many years with the knowledge and consent
of the railroad company, is not a mere licensee, but may be re-
garded as upon the company's premises by an implied invitation
to transact her business there.

*Illinois Central Railroad Co.* v. *Hopkins,* 100 Ill. App. 594, affirmed.

APPEAL from the Appellate Court for the Fourth Dis-
trict;—heard in that court on appeal from the Circuit
Court of Jackson county; the Hon. JOSEPH P. ROBARTS,
Judge, presiding.

W. W. BARR, (J. M. DICKINSON, of counsel,) for appel-
lant.

M. M. THOMPSON, and R. J. MCELVAIN, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellee, who was plaintiff in the Jackson circuit
court, recovered a judgment for $1000 against the appel-
lant for an injury which she sustained by stumbling and
falling over a "skid," which, as she alleged, the defend-
ant had negligently suffered to lie and remain across its
depot platform at Makanda, one of its stations in Jack-.
son county. The skid was a kind of ladder about eight
feet long, made of two pieces of scantling two by four
inches, held about eighteen inches apart by iron bands,
and was used by the company in loading and unloading
barrels and other freight on and from its freight cars
at the platform in question. About seven o'clock in the
evening of January 11, 1900, plaintiff, who kept a board-
ing house in Makanda, went to the depot to deliver to

the mail clerks on the defendant's mail and passenger train then approaching from the south, their evening meals, which she had prepared for them, as she had been accustomed to do for the preceding eight years. When the train stopped it was dark and the platform was not lighted. The mail car was near the north end of the platform, and the plaintiff, with a basket in each hand, went along the platform toward the mail car, and when near the same struck her foot against the skid, which was lying across the platform but which she could not see, and fell and was seriously injured. The Appellate Court affirmed the judgment, and the defendant has appealed.

The principal errors alleged and relied on for a reversal of the judgment are two: First, that the plaintiff was a mere licensee to go upon the defendant's platform, and that the defendant owed her no duty except not to injure her wantonly, and, therefore, is not liable in this action; second, that the only charge of negligence in the declaration is that the defendant suffered the skid to lie across the depot platform, and that there was no proof that the servants of the defendant placed or left it there or knew it was there, or that it had lain there for a sufficient length of time to raise the presumption of notice.

The defendant offered no evidence, but asked the court to instruct the jury to find defendant not guilty. This the court refused. The appellant contends that the instruction should have been given because of lack of proof in the respects above mentioned.

*First*—If the plaintiff was a mere licensee and went upon the defendant's platform for purposes of her own, and not for any purpose connected with the business of the company or which the company permitted to be carried on there, she could not be permitted to recover, for in such case the company owed her no duty to exercise ordinary care to keep its platform free from obstructions, so that she might not be injured by them. (*Gibson* v.

*Leonard,* 143 Ill. 182; 3 Elliott on Railroads, sec. 1250; *Sweeney* v. *Railroad Co.* 10 Allen, 568; *Woodviles* v. *Chesapeake and Ohio Railroad Co.* 36 W. Va. 335; *Tobin* v. *Portland Railroad Co.* 59 Me. 188; *Baltimore and Ohio Railroad Co.* v. *Schwindling,* 101 Pa. 261; *St. Louis, etc. Railroad Co.* v. *Fairbrown,* 48 Ark. 498.) But if plaintiff was upon the platform of the defendant, not as a mere licensee but by its invitation, express or implied, to furnish meals to persons being carried on its trains, it was, as to the plaintiff, in duty bound to use at least ordinary care to keep its platform free from such obstructions and defects as would be liable to cause injury to persons who, like her, should pass over such platform while using due care for their own safety. (Elliott on Railroads, sec. 1249, and cases there cited.) These mail clerks were riding in the mail car of the defendant's train and were carried by the company under contract with the government,—whether as passengers, or not, it is not in this case material to consider. The evidence tended to prove that the plaintiff, by agreement between them and herself, had furnished them meals in this manner, at the cars, for eight years preceding, with the knowledge and consent of the defendant, and we are of the opinion that it would be a reasonable inference to draw that the business she transacted there, while for her own profit, was beneficial to the company in connection with its business in carrying the mails and the clerks having charge of them. In considering whether or not the plaintiff was upon the defendant's premises as a mere licensee or upon an implied invitation to transact her business there, no precise test, as said by the author of the work last cited, in section 1249, "can be stated in general terms;" but he there quotes with approval from *Plummer* v. *Dill,* 156 Mass. 426, the following: "To come under an implied invitation, as distinguished from a mere license, the visitor must come for a purpose connected with the business in which the occupant is engaged or which he permits to be carried on

there.   There must be some mutuality of interest in the
subject to which the visitor's business relates, although
the particular thing which is the subject of the visit may
not be for the benefit of the occupant." Without consid-
ering whether such a rule would furnish a sufficient test
in all cases, we think it is applicable to the case at
bar, and that there was, as between the plaintiff and de-
fendant, a mutuality of interest in the subject to which
her business related.   We are of the opinion the jury
were authorized to find that the plaintiff, at the time
she was injured, was upon the platform of the defendant
upon its implied invitation, in a matter in which it was
interested.   It follows, therefore, that the first above
mentioned error is not well assigned.

*Second*—Still, if there was no evidence tending to
prove the charge of negligence, as counsel in the second
place contend, it was not error to refuse the instruction
to find for the defendant.  The skid in question belonged
to and was used by the company in loading and unload-
ing freight on and from freight cars at this same plat-
form, but when not in use it was usually kept in a shed
of the company near by.  From all of the evidence we can
not say it was an unreasonable inference for the jury to
draw, that after using the skid the employees of the de-
fendant had on this occasion left it on the platform where
they last used it.   It was in the possession of the com-
pany on its premises, and used by no one else, so far as
the evidence disclosed.   An employee of the defendant
passed over or very near this skid, with a lighted lantern
in his hand, shortly before the accident, but he testified
that he did not see it, although it was there at that time.
In the instructions given to the jury at the instance of
the defendant their attention was called to the proof re-
lating to this allegation of the declaration, and they were
told that the burden was on the plaintiff to prove that
the defendant placed the skid on the platform or knew
it was there, or that it had been there such a length of

time that it must be presumed that the defendant had knowledge it was there, and that without such proof their verdict should be for the defendant. While such instructions could not aid the evidence or take the place of evidence, they fully informed the jury of their duty in the premises, and, as before said, we cannot say that this necessary fact was found without any evidence of it. It follows that no error was committed in refusing to direct a verdict for the defendant.

While some of the instructions given at the instance of the plaintiff may be open to criticism in omitting the matter of notice to the defendant that the skid was lying on the platform, still this omission was fully supplied by other instructions, and the instructions as a series being correct, no harmful error was committed.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*