[No. 19947. *En Banc.* December 17, 1926.]

LUCILLA J. KINSMAN, *Appellant, v.* BARTON & COMPANY, *Respondent.*[1]

[1] NEGLIGENCE (6)—CONDITION OF PREMISES—LICENSEES. Where defendant rented, without charge, to plaintiff's employer a small portion of a garage for a restaurant, and permitted the tenant or her employees to go through the garage to use defendant's telephone or lavatory for their own purposes, they are mere licensees and not invitees, in making such use; and defendant would not be liable to plaintiff, injured in stepping through a hole in the floor of the garage on the way to her work (ASKREN, HOLCOMB, and MAIN, JJ., dissenting).

Appeal from a judgment of the superior court for King county, Douglas, J., entered March 20, 1926, in favor of the defendant, upon granting a nonsuit, in an action for personal injuries sustained in falling into an unguarded hole in the floor of a garage. Affirmed.

*James G. Mulroy* and *Wright, Froude, Allen & Hilen,* for appellant.

*J. Speed Smith, Henry Elliott, Jr.,* and *Clem J. Whittemore,* for respondent.

[1]Reported in 251 Pac. 563.

BRIDGES, J.—This is a personal injury case. The chief question involved is whether the plaintiff, at the time and place of her injury, was an invitee or a licensee. The trial court decided that she was the latter, took the case from the jury and entered a judgment dismissing the action.

The facts are these: The respondent operates a large meat packing plant in the city of Seattle. In connection therewith it constructed a garage for the purpose of housing its various trucks. Respondent's employees had formed the habit, with respondent's knowledge, of putting their private automobiles in the garage. There was a sign put up by somebody, probably the respondent, to the effect that "private cars must be out by 1:30" in the afternoon. In one portion of the garage a small room was partitioned off, which is designated as the office of a Mr. Stowell, one of the respondent's employees. The eastern portion of the garage faces on the street, and the entrance is from that side. Attached to the northwesterly corner of the garage, but separated therefrom, is another room which has been used as a restaurant. This room may be entered by a door opening onto a street which runs along the northerly side of the garage and the restaurant room, and it may be also entered from the rear by a door leading from the rear, or west portion, of the garage.

Some months before the injury to the plaintiff, a Mrs. Neely made arrangements with the respondent to operate a restaurant in the small room off of the garage, her plan being to supply noon meals to any of the respondent's employees who might choose to come, and also to anyone else not employed by respondent. She was not to pay any rental. She was to operate the restaurant on her own account and without the re-

spondent having anything to do with it. She bought and paid for her own provisions, and hired and paid her own help. She furnished such food and made such charge therefor as she liked. The respondent had no connection whatever with the restaurant, except that it permitted Mrs. Neely to occupy the room without rental. The appellant was employed by Mrs. Neely as a helper, and had been so working for two or three months before her injury.

Mrs. Neely and her employees, including the appellant, for some time had been in the habit of going through the garage to Mr. Stowell's office therein and using the telephone. The lavatory was located in one of the main buildings outside of the restaurant room and the garage, and Mrs. Neely and her employees had been in the habit of going thence through the garage. The appellant lived some distance from the plant and in the same locality that Mr. Stowell lived. He had a private automobile, and had been in the habit, each morning, of calling at the appellant's residence and taking her to her work. If there was room in the garage, he would drive in and leave his car there; otherwise, he left it on the outside. One morning, having the appellant with him in his automobile, he drove into the garage and parked the car close to the westerly wall, and when appellant was alighting from the car she stepped into a hole in the floor of the garage and injured herself.

An invitee is one who is either expressly or impliedly invited onto the premises of another in connection with the business carried on by that other. A licensee is one who occupies a position somewhere between that of an invitee and a trespasser. He is a licensee, because he has not been either expressly or impliedly invited on the premises in connection with

the business therein carried on; but he is not a trespasser, because he has the permission of the person carrying on the business to enter. Common illustrations of these two relationships exist in the following facts: If one goes into a store with the view of then, or at some other time, doing some business with the store, he is an invitee. But if he goes into the store without any purpose of presently or at any time transacting any business in connection with the store, but merely for his own purposes, as, for illustration, to sell some character of insurance to the employees of the store, and he enters with either the express or implied permission of the owner of the store, he is a licensee.

It is not necessary to cite the authorities in support of the assertion that the owner of the store owes to the invitee the duty of using reasonable care to protect him from injury while therein, but owes no such duty to the licensee. In *Gasch v. Rounds,* 93 Wash. 317, 160 Pac. 962, we adopted the rule laid down by the Massachusetts supreme judicial court to the effect that, to make one an invitee, there must be a mutual interest, quoting the following from *Plummer v. Dill,* 156 Mass. 426, 31 N. E. 128, 32 Am. St. 463:

"It is well settled there that to come under an implied invitation, as distinguished from a mere license, the visitor must come for a purpose connected with the business in which the occupant is engaged, or which he permits to be carried on there. There must at least be some mutuality of interest in the subject to which the visitor's business relates, although the particular thing which is the object of the visit may not be for the benefit of the occupant."

[1] It is our opinion that the appellant was a mere licensee, and not an invitee. The respondent rented to the appellant's employer only the restaurant room. If

the tenant or her employees found it convenient to use respondent's telephone or lavatory, and to go through the garage for that purpose, it was solely for their own benefit. They were no part of the rented premises. So, also, with reference to the garage. It was no part of the restaurant. If the appellant had driven her own car therein and, in alighting therefrom, had been injured, she would have been merely a licensee, to whom the respondent owed no duty of care. In making such use, there would be no community of interest between the appellant and the respondent. She would not, in any manner, be engaged in the business of respondent, or in anything which would be of interest to it. It is true, that respondent permitted private automobiles to be temporarily parked in the garage; but simple permission does not make one an invitee. Permission and community of interest are necessary. But permission is the only element making up the relationship of a licensee, and without it the person would become a trespasser. Under the facts of this case, respondent did not invite appellant to use either the telephone or garage. It did nothing more than permit her to use them. Whether she or her employer used them was a matter of indifference to it.

If mutuality of interest is the test, the evidence is insufficient. The appellant contends that this interest is shown by the fact that respondent let her employer have the use of the restaurant without charge or rent; that this fact shows that respondent wanted a near by place where its employees could obtain their noon meals. But the deduction which appellant draws is nothing more than a possible one. It could be argued with as much plausibility that appellant's employer was not charged any rental because respondent did not consider the room to be of any rental value to it, or

because it desired to be of some assistance to appellant's employer. There is an entire lack of affirmative testimony that respondent wanted the restaurant on its premises for its benefit. The mere fact that respondent did not make a charge for the use of the room is too slender a thread upon which to hang a mutuality of interest.

The distinction between an invitee and a licensee may be more clearly shown by referring to a few cases.

In *Driscoll v. Devenere,* 110 Wash. 307, 188 Pac. 408, the defendant operated a grocery store and a poolroom, the former being in front and the latter in the rear. The plaintiff went into the store to see the defendant on some business, and, finding him engaged in attending to the wants of some person purchasing groceries, he strolled into the pool-room and, in walking around one of the tables, fell into an open trapdoor and was injured. We held that the plaintiff was present by implied invitation.

In *Muench v. Heinemann,* 119 Wis. 441, 96 N. W. 800, the court said:

"True, it was a permission, but a mere licensee has permission. It substituted affirmative consent for mere sufferance, but simple consent is not invitation, express or implied. It was as if Jenner had said, 'You are at liberty to use this elevator in transacting your own business with my employes.' "

In *Gibson, Parish & Co. v. Sziepienski,* 37 Ill. App. 601, it was held that where a person carried to an employee of the defendant his lunch and, in so doing, was injured by some defect in the premises, the person injured was a mere licensee.

In *Indian Refining Co. v. Mobley,* 134 Ky. 822, 121 S. W. 657, 24 L. R. A. (N. S.) 497, the plaintiff was an insurance solicitor and, with the express consent of an officer of the defendant, went through the premises for

the purpose of selling insurance to the employees. The court held that he was a licensee.

We do not cite any of the foregoing cases as being entirely controlling of this case, but merely for the purpose of trying to draw the general distinction between an invitee and a licensee. Each case must stand upon its own facts. If one undertakes to decide a particular case by applying thereto the facts found in innumerable other cases, he is as likely to become confused as to be enlightened. Under the facts of this case, we are of the opinion that the trial court was right in dismissing the action, and the judgment is affirmed.

Tolman, C. J., Fullerton, Parker, Mackintosh, and Mitchell, JJ., concur.

Askren, J. (dissenting)—The "nub" of this case is contained in that paragraph of the majority opinion wherein it is said: "If mutuality is the test, the evidence is insufficient. . . . The mere fact that respondent did not make a charge for the use of the room is too slender a thread upon which to hang a mutuality of interest."

If this is a correct statement of the inferences deducible from the evidence, then the result reached is unassailable. But the facts fail to justify this conclusion. As testified to at the trial, and found in the majority opinion, they are that respondent operates a large meat packing plant in Seattle, and that on its premises and adjoining its garage is a room used as a restaurant, where employees of respondent and some outsiders take their meals. Appellant's employer made arrangements with respondent whereby she was to use this room for a restaurant to serve meals to respondent's employees and also to outsiders. She was to pay no rental, and was to have sole charge of the business.

These facts were presented to a jury. Now, what inference naturally follows from these facts? The paramount and logical inference is that it was to the interest of respondent that the restaurant be maintained upon its property, else why this free rental? It is unusual for one to have premises rent free, and we must naturally conclude, at least until the contrary is shown, that it was to the interest of respondent. The custom of large factories, whose place of business is far removed from the business section of the city as is this one, of operating or having operated a restaurant upon their premises, so that their employees may be able to have warm meals at the lunch hour, is so well known that it is the very first fact that naturally comes to one's mind in considering the evidence in this case.

The majority opinion says that it could be argued with as much plausibility that no rental was charged, because (a) respondent considered the room of no value, or, (b) because it desired to be of some assistance to appellant's employer. But it can easily be demonstrated that these suppositions are contrary to human experience. The first one, i. e., that respondent considered the room of no value, may be answered by the statement that any room which is capable of being used, and is used, for business purposes, has a real and substantial rental value. How large that value is must depend upon all the circumstances. But that it has a value, no one will doubt.

Respondent is a commercial corporation engaged in the meat packing business, for one purpose only, and that is for profit. Is it to be assumed for a single moment that a portion of its property, including a building capable of being used for a restaurant, is given rent free to a third party? I do not want to be understood that it might not be a fact which could be

proven before a jury, that there were circumstances which caused respondent to believe the room had no particular value, and therefore it asked no rental, but I do protest a legal finding that it is as natural a presumption as that free rent was given because of some benefit flowing to respondent.

The next presumption is said to be that perhaps respondent desired to be of some assistance to appellant's employer. This is the first time I have ever seen it asserted that, when one receives something of value from another, there is either a presumption or inference that it is a gift. That the presumption is just the opposite is attested by every text-writer and recorded decision. The rule is that gifts are not presumed between parties, and that the burden is upon the one asserting a gift to establish that fact by evidence. In this case, there is neither relationship nor any other of the concomitants that indicate the slightest basis for a gift.

In this connection it must be borne in mind that, even if a relationship had been shown between appellant's employer and some officer of the respondent, the fact thereof would be of no probative value, since respondent is a corporation, and its officers would not likely be attempting to "give", even to their relatives, the property of the corporation.

Suppose respondent should sue appellant's employer for rent. Would the fact that she had paid no rent raise the presumption of gift? Certainly not. The burden would be on the tenant to establish the fact of gift, if such it be.

The only reasonable inference, and the one which the jury had a right to draw from the evidence introduced by appellant, was that there was a mutuality of interest. We held, as the majority opinion points out,

in *Gasch v. Rounds*, 93 Wash. 317, 160 Pac. 962, that mutuality of interest was sufficient to create the injured party an invitee. We quoted approvingly from Elliott, Railroads (2d ed.), §1249, that "The test of mutuality anounced by the supreme court of Massachusetts seems to be the best that has been suggested."

A case similar to this is *Illinois Central R. Co. v. Hopkins*, 200 Ill. 122, 65 N. E. 656, where the court held that evidence that a plaintiff for many years had been carrying meals to mail clerks on the defendant's cars, under an agreement with the clerks, and with the knowledge and consent of the defendant, was sufficient to authorize the jury to find that plaintiff was there by implied invitation in a matter in which the defendant was interested.

I do not understand the majority opinion to hold that, if there was a mutuality of interest, then appellant was not an invitee because of the particular place where the injury occurred, although it might be so construed. If such be the holding, then attention should be called to the fact that appellant was hurt at a place commonly used in going to and from her work, and in a place which the sign placed by respondent indicates an implied, if not an express, invitation to use.

The trial court should have held that the reasonable inference from the evidence offered by appellant was such as to indicate a mutuality of interest, and placed respondent upon its proof.

I therefore dissent.

HOLCOMB and MAIN, JJ., concur with ASKREN, J.