**YOUNG v. MASON–WALSH–ATKINSON–KIER CO.**

**No. 50.**

District Court, E. D. Washington, N. D.

June 6, 1940.

Vanderveer & Bassett, of Seattle, Wash., and Moe & Hunter, of Grand Coulee, Wash., for plaintiff.

Witherspoon, Witherspoon & Kelley, of Spokane, Wash., for defendants.

NETERER, District Judge.

The plaintiff, a laborer on the Grand Coulee Dam project, after alleging jurisdictional facts, says in substance: That defendant is constructing for the United States Government pursuant to written contract a dam across the Columbia river; that he was employed as a laborer and worked under the general supervision of C. R. Durham, as the foreman; that prior to the injury complained of, he was working as a member of a "clean up" crew in salvaging unused materials and in gathering up and burning debris in and around "Block 40" of said dam; that while they worked under the general supervision of the foreman, they were nevertheless expected, though not required, to use their initiative in discovering work, that would keep them occupied during working hours, and the value of their work to the defendant as well as the retention of their employment, and their chances of promotion, depended to a large extent upon the degree of initiative which they employed; that the interior of said dam was equipped with inter-communicating galleries constructed on different levels and connected with one another by means of open vertical shafts about $3\frac{1}{4}$ ft. in diameter; that at the time of plaintiff's injury a quantity of unused materials and rubbish had collected in said galleries which, the defendant well knew, and should have known, it would soon become the duty of the "clean up" crew to remove; that said galleries were dark and not properly equipped for safety, were left open and wholly unguarded; no warning signals were given nor were notices posted and that while the plaintiff was walking along one of the galleries in said Block 40, not in the performance of his duty in his employment, but for the purpose, among others, of acquainting himself, in accordance with his foreman's suggestion, of the nature of the work which he would later be required to perform as a "clean up" man and thereby become a more useful employee, and secure more lucrative employment, he fell through an unguarded shaft to the floor of the gallery 50 feet below and was injured. He made claim to the State of Washington Department of Labor and Industries under Workmen's Compensation Law, and the claim was denied, for that the injury did not occur "in the course of his employment". Young v. Department of Labor and Industries, 200 Wash. 138, 93 P.2d 337, 339, 123 A.L.R. 1171.

The defendant moves to require the plaintiff to make more definite and certain as to paragraph III of his second amended complaint by stating in what gallery in Block 40 plaintiff was walking, and whether it is claimed that there was unused material and rubbish in said gallery; and stating the name of the foreman who suggested plaintiff acquaint himself with the nature of his work, and the date, and place of such suggestion.

The motion to make more definite and certain the second amended complaint, etc., will be treated as a motion for a bill of particulars, and as such is granted, and plaintiff is required to state to defendant what gallery plaintiff was walking in, what, if any, unused materials and rubbish were in said gallery; also give the name of the foreman who told plaintiff to acquaint himself with the nature of the work, and time and place of such suggestions.

The defendant also moves to dismiss, because no claim is stated upon which relief may be granted.

Are the statements in the second amended complaint sufficient to establish plaintiff's status as an invitee? The Washington Supreme Court in Garner v. Pacific Coast Coal Co., 100 P.2d 32, 35, said, "an invitee is one who is either expressly or impliedly invited onto the premises of another for some purpose connected with the business in which the owner or occupant is then engaged, or which he permits to be conducted thereon; there must be some real or supposed mutuality of interest in the subject to which the visitor's business or purpose relates." See, also, Gasch v. Rounds, 93 Wash. 317, 160 P. 962; Kinsman v. Barton & Co., 141 Wash. 311, 251 P. 563.

If the facts pleaded do not constitute the plaintiff an invitee his action must fail; at the risk of repetition plaintiff concisely states that he was with others employed to "clean up" and dispose of rubbish around "Block 40" of the dam; that he worked under the general supervision of the foreman; that he was expected nevertheless to use his own initiative in discovering work with which to keep occupied during his working hours; that the value of his services to the defendant, and his

chances of promotion, depended, on the degree of initiative displayed; that at the time of the casualty a quantity of rubbish had collected in the galleries of Block 40, which plaintiff would later be required to move; that while walking along one of said galleries for the purpose of "acquainting himself in accordance with the foreman's suggestion, to acquaint himself with the nature of the work, hoping to become more useful to the defendant and obtain more lucrative employment he fell through an unguarded shaft." This arrangement or understanding, if true, and the motion to dismiss admits it, appears fair, just, and reasonable in all its parts, and shows ·a real mutuality of interest.

■ It is contended that the facts pleaded show plaintiff as an employee engaged in the performance of his duty. The Washington Supreme Court in Young v. Dept. of Labor and Industries, 200 Wash. 138, 93 P.2d 337, 123 A.L.R. 1171, held otherwise. While that Court might have been warranted in not so holding (Zurich Gen. Accident Liability Ins. Co. v. Brunson et al., 9 Cir., 15 F.2d 906), it approached the subject from a different view point, and followed precedent possibly not directly in point, and the holding is now res adjudicata, and construing a State statute is binding in this Court. Prince v. Saginaw Logging Co., 197 Wash. 4, 84 P. 2d 397. All that the Young case, supra, decided is that at the time of plaintiff's injury he was not engaged "in the course of his employment." The question of "invitee" was not considered by the State Court, and it had no jurisdiction to do so, and a decision would have no force. While the plaintiff at the noon hour was not under the supervision of his employer, nor receiving pay for that period, he was on the employer's premises at the place of employment; was engaged at the time of his injury in familiarizing himself with the premises on the foreman's suggestion, and discovered work to be performed, in the furtherance of his employer's interest. It is obvious that the plaintiff was there at least on the implied invitation of his employer. There was mutuality of benefit to the plaintiff and to the defendant in that the plaintiff could render a more efficient service to the defendant by becoming more familiar with the zone of his employment, which the examination and inspection would supply, and the plaintiff was improving his efficiency and thereby qualifying for more lucrative employment.

Mutuality of contract may be said to be a relation between the parties on which to do, or to permit to be done, something in consideration of the act, or conduct of the other. The defendant's suggested conduct on the part of the plaintiff, on its premises, to the end that the defendant would receive greater efficiency in service, and the reciprocal act of the plaintiff to qualify for more desirable and profitable employment by following the suggestion, bear the stamp of mutuality of relation. It does not mean that every stipulation is absolute or unqualified; this principle is supported by the Supreme Court of Maryland in Canton Co. v. Baltimore & O. R. Co., 79 Md. 424, 29 A. 821, 822.

The motion to dismiss is denied. The Clerk will notify the parties. An order, on notice, may be presented.