PER CURIAM.
The appellant, the Florida National Bank at Orlando, has appealed from a judgment, based upon a directed verdict in favor of the appellee Shell Oil Company, entered by the’Circuit Court for Du-val County.
The appellant, plaintiff below, filed a complaint to recover from the oil company certain sums which the appellant had advanced to the appellee Bolena, a contractor, to use in constructing three Shell service stations, in reliance upon certain promises made to the appellant by Shell’s Florida real estate representative, one Logan, that upon the completion of the stations the advances would be repaid by funds to be deposited by the oil company with, and disbursed by, the appellee Central Title & Trust Company as escrow agent. Prior to' the trial a summary judgment had been entered in favor of the appellant against Bolena. A summary judgment was also entered in favor of the appellee escrow agent. These two appellees, therefore, were not directly affected by this appeal. In the trial against the oil company, the trial judge directed a verdict against the appellant on the grounds that Logan had no general or special authority to make the promises which he made to the appellant on behalf of the oil company and that the evidence did not show a ratification of Logan’s act by that company. The final judgment was then entered upon the directed verdict and this appeal from that judgment followed.
We have examined the record of the trial and find therein sufficient competent, substantial evidence from which the jury as reasonable men could have concluded that Logan had apparent authority to make the promises on behalf of the oil company. The trial judge, therefore, erred in granting the directed verdict, as the question of the apparent authority was a question of fact for the consideration and decision of the jury.
While the evidence showed that Logan did not have actual or formal authority from the oil company to make the promises, this fact is immaterial so far as limiting the liability of the company is con *438 cerned, since the question here is one of apparent authority. Jacksonville American Pub. Co. v. Jacksonville Paper Co., 143 Fla. 835, 197 So. 672.
In other assignments of error the appellant challenges several pre-trial rulings of the trial court denying discovery by production of documents and sustaining obj ec-tions to certain interrogatories. We think the appellant was entitled to the information and evidence sought through these discovery procedures, under the applicable procedural rules, and that therefore the trial court erred in those rulings.
In view of our conclusions herein, it is not necessary tO' consider other assignments of error.
The judgment is reversed and a new trial ordered with directions for further proceedings consistent with the views expressed herein. '
Reversed.
STURGIS, C. J., CARROLL, DONALD, and WIGGINTON, JJ., concur.