**HARTMAN, Plaintiff-Appellee, v. DI LELLO, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24626.   Decided March 25, 1959.

John M. Drain, for plaintiff-appellee.

McConnell, Blackmore, Cory & Burke, for defendant-appellant.

(DOYLE, PJ, HUNSICKER, J, of the Ninth District, RADCLIFF, J, of the Fourth District, sitting by designation in Eighth District.)

## OPINION

By HUNSICKER, J.

In this appeal on questions of law, Joseph A. Hartman recovered a verdict at the hands of a jury, upon which a judgment was then rendered, against Joseph Di Lello, the appellant in this cause.

Mr. Hartman entered the barroom, or tavern, owned by Mr. Di Lello in the afternoon of June 24, 1955, at about 3:30 p. m., and walked toward the rear of the room in the direction of a telephone booth. His purpose was, as stated by him, to call his employer. The barroom was about 30 to 35 feet long and 25 feet wide, with a bar on the north side extending from the entrance almost to the end of the room. At the end of the bar, and almost in a direct line with it, was a trap door to a basement used by Mr. Di Lello and the tenants who lived above the tavern.

Mr. Hartman did not look at the floor, but said he looked toward the phone booth to see if it was occupied. He knew of the trap door and that it provided an entrance to storage space under the barroom. Earlier in the day, about 11:30 a. m., or a little later, Mr. Hartman had entered the barroom to buy a glass of beer and to use the telephone. During this time, to accommodate a tenant of the building, he went down the stairway, onto which the trap door opened, for the purpose of attempting to replace a fuse in the electric circuit. After he entered the storage space through this trap door, the trap door was closed, and remained closed until he came back into the barroom. He said that, after he came out of the storage room, the trap door was again closed.

At the time Mr. Hartman was approaching the phone booth, the trap door, which measured 33-½ inches wide and 52-¼ inches long, was in an opened position. Mr. Hartman fell through the open trap door, down the steps, into the basement. He claims that this fall caused him severe injuries.

Mr. Hartman said that his eyesight was good, and that if he had looked down he could have seen the opened trap door. He further said there was nothing about the trap door that was not open, obvious and apparent.

The trial court, upon application of counsel for Mr. Di Lello, withdrew from the consideration by the jury all specifications of negligence except the claim that "the area immediately in the vicinity of the open trap door was not properly lighted, thus creating a hazard to the plaintiff which defendant knew or in the exercise of ordinary care should have known."

After the judgment was entered for Mr. Hartman, Mr. Di Lello perfected an appeal to this court, saying that:

"1. The court erred in failing to grant defendant a directed verdict at the conclusion of all the evidence.

"2. The court erred in failing to grant defendant's motion for judgment notwithstanding the verdict."

Counsel for Mr. Di Lello insist that: there was no common law duty to light the area of the open trap door; reasonable minds could come to no other conclusion than that the area of the open trap door was adequately lighted; and, Mr. Hartman was guilty of negligence as a matter of law.

Mr. Hartman was an invitee and hence was entitled to the rights and duties devolving upon invitees. He was also known as a business visitor. See: **Scheibel v. Lipton, 156 Oh St 308;** 2 Restatement of Law of Torts (Negligence), Section 332, at p. 897.

The duty thus owed to Mr. Hartman by Mr. Di Lello was to "exercise ordinary care to guard * * * (Mr. Hartman) against danger, and to that end he (Mr. Di Lello) * * *" was obliged to "exercise ordinary care to render the premises reasonably safe for" him. **Cincinnati Base Ball Club Co. v. Eno, 112 Oh St 175,** approved and followed in **Gedra v. Dallmer Co., 153 Oh St 258** at p. 262.

The only specific duty devolving upon Mr. Di Lello which the court submitted to the jury was the failure to properly light the area in the immediate vicinity of the trap door, which failure to provide adequate lighting it is claimed thereby created a hazard for Mr. Hartman, an invitee or business visitor on the premises. The providing of adequate light in the area of the trap door was to bring notice of the hazard to Mr. Hartman, and thus warn him of the danger.

Counsel for Mr. Di Lello insist that there was no duty to provide any light in the barroom. We think it apparent, however, that if, in order to render premises reasonably safe for invitees, such as Mr. Hartman, it becomes necessary to adequately light a dark area where there exists a known hazard to the invitees upon such premises. then the law would impose such a duty, for the obvious purpose of warning the user of the premises of that hazard which is known to the owner or possessor of the premises.

The agent of Mr. Di Lello, the barmaid, knew that the electrician, who came to repair the circuit for the tenant who lived above the barroom, had left the trap door open; but, as she said, she was busy; it was not closed until after Mr. Hartman had fallen into the basement. This, then, was a dangerous condition existing in a part of the premises which were used by patrons such as Mr. Hartman. To warn of this danger, barricades, adequate lighting to make it obvious, or vocal remonstrance, would be necessary. There were no barricades, and the barmaid did not warn Mr. Hartman about the condition. This leaves, then, a problem of adequate lighting.

We need not look beyond the testimony of Mr. Hartman himself to determine the adequacy of the lights. He said he did not look down as he walked to the telephone booth, although the trap door opening was plainly visible. He further testified on this point as follows:

"Q. * * * you had no difficulty of seeing where you went around that barroom, did you?

"A. No, sir. I didn't. My eyesight is good.

"* * *

"Q. And you could see all around that room and had been in there and back out again and then back again, is that right?

"A. Yes, sir."

He said if he had looked at the trap door he could have seen that it was open, because it was of such a nature as to be open (which we construe to mean "not hidden or concealed from view"), obvious and visible.

In other words, Mr. Hartman, who, a short time previous to his fall, had used this very trap door entrance to the basement, and who knew its location, was not paying any attention to the surface over which he was walking as he headed for the telephone booth.

It is difficult for the writer of this opinion to understand how one could walk toward a telephone booth 25 to 30 feet distant and not see a hole 33-½ by 52-¼ inches in size, directly in his path to such telephone.

Mr. Hartman was required to exercise some degree of care for his own safety, commensurate with the risk which he should have seen existed. If he had looked where he was going, he never would have suffered an injury. If he had used any degree of care for his own safety, he would not have been hurt.

We believe that reasonable minds can come to but one conclusion in this case, which is that Mr. Hartman was guilty of contributory negligence as a matter of law, which negligence was a proximate cause of the injuries he suffered. He is therefore, not entitled to recover in this case.

We determine that the judgment should be reversed and that final judgment should be rendered for Mr. Di Lello, the appellant herein.

Judgment reversed, and final judgment for the appellant.

DOYLE, PJ, RADCLIFF, J, concur.