■ ROBERT ADAMS, Respondent, v. DOROTHY F. FERRARO, Appellant.— Appeal from a judgment of the Supreme Court, entered April 25, 1972 in Albany County, upon a veridct rendered at a Trial Term in favor of plaintiff. On the afternoon of February 3, 1970 plaintiff slipped, fell and was injured in the parking lot outside appellant's tavern, in an icy area at a spot where there was water upon the ice. Although there was evidence that it had rained earlier in the day, respondent testified the water at the place of the fall came from a hose outlet connected with a sump pump in the tavern's basement. Respondent, a frequent patron and part-time bartender at the establishment, stated that he went to appellant's place of business for the purpose of calling his son's fiancée to find out whether the son was coming home on leave from the service. Respondent's status, and consequently, the duty of care owed him by appellant, was controlled by his purpose in going upon the premises (*Ruskowski* v. *Schenectady Trust Fund Co.*, 28 A D 2d 1021). If he came

for appellant's benefit or for both his and appellant's mutual benefit he would be an invitee, but if he was there solely for his own purposes he would be only a licensee (*Heskell* v. *Auburn Light, Heat & Power Co.*, 209 N. Y. 86; *Ruskowski* v. *Schenectady Trust Fund Co.*, *supra*; *Brister* v. *Flatbush Leasing Corp.*, 202 App. Div. 294). The proof shows merely that respondent was going to the tavern to make a phone call, because he had no phone of his own, clearly an errand intended to serve his own purposes. As a matter of law, respondent was but a licensee, as to whom appellant was bound only to avoid wanton or reckless conduct and to warn of traps or hidden dangers (*Finkle* v. *Zimmerman*, 26 A D 2d 179, 181), which standard of care was not violated by appellant. Although it has been held that the benefit to the owner of business premises required to establish that the visitor is an invitee may be shown either as an economic benefit to the owner from the presence of the person on the premises or by the fact that the person has been encouraged to use the premises to further a purpose of the owner (*Ancess* v. *Trebuhs Realty Co.*, 18 A D 2d 118, 119, affd. 16 N Y 2d 1031), the record is barren of facts establishing, or from which an inference may be drawn, that appellant would derive any profit or return from respondent's intended use of the phone or that respondent was encouraged to use the phone at the tavern as a possible business stimulus. There is no proof: that the instrument sought to be used was a pay station or otherwise public in character; that the public generally used it or was invited by signs or other means to use it; or that respondent or others had previously employed it and on such occasions made purchases. The location and other circumstances of the telephone are not revealed. (See *Sullivan* v. *New York Tel. Co.*, 157 App. Div. 642, affd. 215 N. Y. 678; *Great Atlantic & Pacific Tea Co.* v. *Randolph*, 64 F. 2d 247.) Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.