PER CURIAM.
This is an appeal from a summary final judgment in an action for fraud, deceit and breach of contract. The case arose out of a purchase by the plaintiff of an apartment house which had in it, and which was included as part of the purchase price, a liquor lounge and the attached liquor license. The trial court set forth as a basis for the judgment the following:
“3. Upon the specific request of the attorney for the Plaintiff the Court would state that although there are multiple bases for the entry of this Final Summary Judgment, one basis is the lack of any evidence of a false representation made by the Defendant, GEORGE BLUMBERG, to the Plaintiff, JERRY P. DAVIS. This finding of a lack of evidence of a false representation includes the written deposit receipt and sale-purchase contract between the parties dated March 20, 1972.”
We hold that the trial judge has, in fact, tried this ease upon a motion for summary judgment. See Benson v. Atwood, 177 So.2d 380 (Fla. 1st DCA 1965). While we express no opinion on the ultimate correctness of his conclusions, we hold that there is a genuine issue of material fact which should be tried. See Alepgo Corporation v. Pozin, 114 So.2d 645 (Fla. 3d DCA 1959); and Dean v. Gold Coast Theatres, Inc., 156 So.2d 546 (Fla. 2d DCA 1963). The evidence in this record does not conclusively demonstrate that there is no issue upon the alleged fraud, inasmuch as the record shows some evidence that would support a finding that the defendants knowingly offered for sale a liquor license they knew could not be transferred and, by overt actions, that they prevented or acted to prevent the plaintiff from discovering this fact.
Accordingly, the judgment is reversed for a trial of the issues involved.
Reversed and remanded.