585 So.2d 367 (1991)
Lazara IBER, Appellant,
v.
R.P.A. INTERNATIONAL CORPORATION, Appellee.
No. 90-2749.
District Court of Appeal of Florida, Third District.
August 13, 1991.
*368 Luis Cruz, Miami, for appellant.
Ruiz & Chesrow and George W. Chesrow, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and FERGUSON and GODERICH, JJ.
SCHWARTZ, Chief Judge.
Ms. Iber grew tired of waiting for a bus in the hot Miami sun and decided to call a cab from the two-story office building located behind the bus stop. Because there was no public telephone, she would have had to ask the personnel in one of the offices  which included accountants', insurance agents' and the like  to let her use the phone. Unfortunately, she never got there. As Ms. Iber was walking towards the building on the common entranceway which led to its unlocked doors, she slipped and fell on an overripe mango which had dropped on the surface from an overhanging tree. In her resulting action for damages against the owner of the building, the trial judge granted summary judgment against Ms. Iber upon the holding that she was not an invitee owed a duty of reasonable care but an "uninvited licensee" on the premises. We agree.[1]
The issue in this case is whether Ms. Iber fell not only on the mango, but within the "public invitee" class defined in Restatement (Second) of Torts § 332 (1965), and adopted by Florida in Post v. Lunney, 261 So.2d 146 (Fla. 1972)[2]:
332. Invitee Defined
* * * * * *
(2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.
Restatement (Second) of Torts § 332. In Post, the supreme court receded from its prior exclusive reliance on the "mutual benefit" or "economic" test of invitee status. It did not, however, eliminate the possibility that one may be on another's property as neither an invitee nor a trespasser, but rather as a legal creature in between: a licensee whose presence is neither sought nor forbidden, but is merely permitted or tolerated by the owner. See Restatement of Torts (Second) § 330 comment C. The existence of this class was made clear by Wood v. Camp, 284 So.2d 691, 695 (Fla. 1973), which expanded the definition of invitees to include social guests, but also
continue[d] the category of licensees who are uninvited, that is, persons who *369 choose to come upon the premises solely for their own convenience without invitation either expressed or reasonably implied under the circumstances.
We think it clear that Ms. Iber fell within this definition.
As we interpret the cases and authorities which have dealt with the invitee-licensee dichotomy under a multitude of particular circumstances which have arisen in modern society, we think that a finding of invitee status turns upon the coexistence of two factors, reflecting the viewpoint of each of the two parties involved: (1) The landowner must so conduct his activities on his property, by way of carrying out his business or arranging his premises, that (2) it reasonably appears to the person coming onto them that he has been welcomed or invited there for the visitor's intended purpose and is therefore entitled to expect that the owner has taken reasonable care for his safety. Restatement (Second) of Torts § 332 comment (d); W. Prosser & W. Keeton, The Law of Torts, § 61 (5th ed. 1984); F. Harper, F. James & O. Gray, The Law of Torts § 27.12 (2d ed. 1984). The present facts conform with neither requirement.
1. While the premises were "open to the public" for it to visit any of the tenants in the course of business, unlike a retail store or a hotel, an office structure is not obviously open for any other reason. See Renfro Drug Co. v. Lewis, 149 Tex. 507, 515, 235 S.W.2d 609, 616 (1950) ("merchandise establishment ... gives [the] public reason to believe ... shopkeeper desires them to enter"); Coston v. Skyland Hotel, 231 N.C. 546, 57 S.E.2d 793 (1950). Moreover, the absence of a public telephone in the common area precludes the idea that the owner actually or impliedly wished an outsider to enter the building to use one. Compare Haley v. Deer, 135 Neb. 459, 282 N.W. 389 (1938).
2. On the other hand, but for the same reasons, Ms. Iber could not have reasonably believed that the owner had asked her onto its premises for a mission which so obviously served only her personal convenience and did not benefit the landlord in any way.[3]
In resolving the status issue before us, we are admonished that:
The presence upon the premises, reasonably to be expected by the owner, his family, agents or servants, of the person who is injured; the person's purpose for being upon the premises[[4]]; and the location where he was at the time of injury, are factors to be weighed together with all other evidence bearing on the duty allegedly owed... .
Wood v. Camp, 284 So.2d at 695. Our conclusion, based on these considerations, that Ms. Iber was a licensee, is supported by decisions in other jurisdictions which seem never to have reached a contrary conclusion on facts even remotely similar to these. Central of Georgia R.R. v. Floyd, 3 Ga. App. 257, 59 S.E. 826 (1907) (person entering railroad station to send long distance telephone message licensee); Argus v. Michler, 349 S.W.2d 389 (Mo. App. 1961) (user of gas station for personal phone call licensee); Adams v. Ferraro, 41 A.D.2d 578, 339 N.Y.S.2d 554 (1973) (frequent patron of tavern who comes solely to use telephone licensee); Kinsman v. Barton & Co., 141 Wash. 311, 251 P. 563 (1926) (dictum that employee of garage tenant on premises to use phone licensee); cf. Ward v. Avery, 113 Conn. 394, 155 A. 502 (1931) (frequent visitor and customer of shoe store permitted to use phone invitee); Haley v. Deer, 135 Neb. at 459, 282 N.W. at *370 389 (customer of tavern who used pay phone earlier that day invitee); Coston v. Skyland Hotel, 231 N.C. at 546, 57 S.E.2d at 793 (patron of hotel restaurant securing change to make telephone call invitee); Hartman v. Di Lello, 109 Ohio App. 387, 157 N.E.2d 127 (1959) (patron re-entering barroom later same day to use telephone "business visitor"); see Restatement of Torts (Second) § 332 comment d. illustration 4 ("A maintains in his drugstore a free telephone for the use of the public. B enters the store for the sole purpose of using the telephone. B is an invitee." [e.s.]).[5] See generally Annot., Status of One Who Enters a Store or Other Place of Public Resort Solely for Purpose of Using Facilities Assessable to Public Such as Telephone, Mailbox, Lavatory or the Like, 93 A.L.R.2d 776 (1964); Annot., Storekeeper's Duty and Liability to One Passing Through Store to Another Destination, 23 A.L.R.2d 1114 (1952).
Affirmed.
NOTES
[1] It is conceded that there was no breach of the duty with respect to the premises owed to one in that status, that is, to refrain from the creation of a trap or the commission of gross or wanton negligence. See Wood v. Camp, 284 So.2d 691 (Fla. 1973). We need not consider whether the facts made out a jury question as to the defendant's simple negligence.
[2] Sections (1) and (3) of section 332 read as follows:

(1) An invitee is either a public invitee or a business visitor.
* * * * * *
(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.
[3] See infra note 4.
[4] We acknowledge the appellant's claims that considering the visitor's subjective purpose would resurrect, at least in part, the "business purpose" rule which was supposedly abandoned in Post, and might lead to such anomalies as requiring different results as to two persons entering the premises side-by-side. However, as this passage and the precise language of § 332(2) (public invitee person on land "for a purpose for which the land is held open") make clear, the reason for the user's presence can never be irrelevant in terms of what the landowner is required to do and the visitor is entitled to expect. Thus, no one would think that Ms. Iber could recover for her unfortunate encounter with the mango if she had been entering the building to commit an armed robbery.
[5] See also Stewart v. Texas Co., 67 So.2d 653 (1953) (person at gas station to change bill licensee; case decided before adoption of "public invitee" test).