BROWNING, J.
Appellants, the plaintiffs in the lower court, appeal the trial court’s entry of summary judgment in favor of Brumos Motor Cars, Inc. (“Appellee”), one of the defendants in the lower court, on an action arising out of a slip and fall that occurred on its premises, on the basis that Stefan Mayerlen (“Appellant”) was an uninvited licensee of Appellee. Appellants argue that the trial court erred in granting summary judgment, because material facts are in dispute as to whether Appellant was an “invitee” or an “uninvited licensee” of Ap-pellee, and whether Appellee breached a duty owed to Appellant. We agree and reverse.
This case arose when Appellant, while visiting his father, an employee of Appellee, slipped and was injured in Ap-pellee’s break room where beverages and snacks are made available to employees and invitees. Appellant had, for 25 years preceding his injury, visited his father on Appellee’s premises approximately once per week without objection from Appellee. Also, Appellant had from time to time been engaged by Appellee to detail its cars. Appellant’s status as an “invitee” or an “uninvited licensee” was directly addressed by Appellee’s safety director, who opined that employees’ family members are “welcome” in Appellee’s snack room and other public areas, as long as they do not interrupt business. After this testimony, Appellee’s safety director gave an affidavit in support of Appellee’s motion for summary judgment wherein he defined and expanded upon what he meant by the use of the word “welcome” in his previous deposition, as follows:
7. At my deposition, I stated that persons such as Stefan Mayerlen, a member of the family of a Brumos’ employee, were “welcome” at the Brumos facility — within limits.
8. As I attempted to make clear in my deposition, what I meant by the use of the word, “welcome”, is that vis *937 its by members of our employees’ family are merely “not prohibited”.
9. However, at no time are our employees’ family members “invited” or even “encouraged” to visit our employees, especially during business hours.
10. At best, such family members’ visits are merely “tolerated” by Bru-mos within reasonable limits.
Florida has abandoned the old economic basis for determining invitee status by adopting in Post v. Lunney, 261 So.2d 146 (Fla.1972), as the applicable rule, the definition of “invitee” in the Restatement (Second) of Torts § 332:
332. Invitee Defined.
‡ sjs s¡: %
(2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.
Iber v. R.P.A. Intern. Corp., 585 So.2d 367, 368 (Fla. 3d DCA 1991). This provision has been construed to mean that an invitee is one to whom the activities of a landowner are such that it reasonably appears to the person coming onto the landowner’s premises that he has been welcomed or invited there for the visitor’s intended purpose and is therefore entitled to expect the owner has taken reasonable care for his safety. Id.
Clearly, a genuine issue exists as to whether Appellant was an “invitee” under this definition, because of his long-standing history of visits with his father on Appel-lee’s premises without objection from Ap-pellee, and the testimony of Appellee’s safety director to the effect that Appellant was “welcome.” This issue should be determined by a jury, not the trial court' on summary judgment.
Appellee also argues that even if Appellant was an “invitee” rather than an “uninvited licensee,” Appellant could not prevail because the record fails to show Appellee breached a duty owed to Appellant. This argument is premised on Appellee’s contention that there is no evidence that Appellee had actual or constructive knowledge of the clear liquid on the floor of Appellee’s break room, which allegedly caused Appellant’s fall, or that the liquid had been on the floor a sufficient length of time for it to have been discovered by Appellee. Although the trial court did not base its summary judgment on this argument, we are obligated to sustain summary judgment on this basis if it is sustainable from the record. See Sunchase Apartments v. Sunbelt Service Corporation, 596 So.2d 119, 122 (Fla. 1st DCA 1992) (appellate court must affirm trial court’s decision if it is supported by any theory, regardless of the reason stated in the Order or Judgment). However, we disagree that it is sustainable on that basis. There was ample evidence in the record of a genuine issue of fact that: the floor where Appellant fell was wet because of water tracked in by persons coming into the break room; Ap-pellee’s drink machine had been leaking prior to Appellant’s fall; the break room floor had been tested prior to Appellant’s fall and, according to Appellee’s safety director, failed to comply with applicable safety standards; and other evidence of an unsafe condition where Appellant fell. While it is true Appellant could not specifically give the origin of the cause of his fall, this does not defeat his claim. A jury may infer that, based on the circumstances, a dangerous condition existed and caused the fall. See Haley v. Harvey Building, Inc., 168 So.2d 330 (Fla. 2d DCA 1964); see also Majeske v. Palm Beach Kennel Club, 117 So.2d 531 (Fla. 2d DCA 1959). While there was conflicting testimony on this issue, such an evi-dentiary conflict presents a classic case for resolution by a jury, not the trial court on summary judgment. See Weber v. Porco, 100 So.2d 146 (Fla.1958) (summary judgment is improper when depositions or affidavits submitted in support of a motion for summary judgment suggest *938 factual conflict); see also Benson v. Atwood, 177 So.2d 380 (Fla. 1st DCA 1965) (in summary judgment cases, the trial court is not permitted to weigh material conflicting evidence or pass upon the credibility of witnesses); Johnson v. Circle K Corporation, 734 So.2d 536 (Fla. 1st DCA 1999).
Accordingly, the summary judgment is REVERSED and this cause remanded for proceedings consistent with this opinion.
JOANOS and PADOVANO, JJ„ CONCUR.